IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEESHA G. GILES, individually and on behalf of all similarly situated individuals | * * * |
| Plaintiff, | * * |
| vs. | * Case No. 11-00405 * |
| WELLS FARGO BANK, N.A., | * * |
| Defendant. | * |

## COMPLAINT

**NOW COMES** Plaintiff, Lakeesha Giles, individually and on behalf of all similarly situated individuals, and as her Complaint against the Defendant Wells Fargo Bank, N.A., aver as follows:

### INTRODUCTION

Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

### THE PARTIES

3. Plaintiff is an adult resident of Mobile County, Alabama.

4. Defendant Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), is a corporation formed outside the State of Alabama. At all relevant times, Wells Fargo conducted business in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

5. On November 14, 2007, Plaintiff executed a real estate mortgage with American South Mortgage Corporation in the amount of $63,000. Servicing of the loan was transferred to Wells Fargo.

6. On July 1, 2010 beneficial interest in the Plaintiff's mortgage and note was assigned to Wells Fargo. A written Assignment identifying Wells Fargo as the assignee was executed on July 1, 2010 and recorded in the probate office of Mobile County, Alabama on or about July 12, 2010. (See Assignment attached hereto as Exhibit "A")

7. The mortgage loan at issue was secured by the Plaintiff's principal residence.

8. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
>
> (1) **In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;

2

>  (D) the location of the place where transfer of ownership of the debt is recorded; and
>  (E) any other relevant information regarding the new creditor.
>
>  **(2) Definition**
>
>  As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9. Wells Fargo failed to provide to Plaintiff, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10. Plaintiff realleges the allegations above as if fully set out herein.

11. With respect to Plaintiff, Wells Fargo received by assignment a beneficial interest in their mortgage and note.

12. Said mortgage secures an interest in real estate which is used by Plaintiff as her principal dwelling.

13. Wells Fargo is a "creditor" within the meaning of 15 U.S.C. § 1641(g).

14. Upon receipt of that assignment Wells Fargo was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. Wells Fargo failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiff demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

16. Plaintiff realleges the allegations above as if fully set out herein.

17. These claims are brought on behalf of all residential mortgage borrowers who:

   A. From a time period beginning one year prior to the date of the filing of this complaint to the present;

   B. Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

   C. An interest in their mortgage loan was sold or otherwise transferred or assigned to Wells Fargo; and

   D. Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18. The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19. The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

20. The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. Upon information and belief, the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21. The representative Plaintiff's claims are typical of, if not identical to, the claims of the class.

22. The representative Plaintiff will fairly and adequately represent the members of the class and have no interests which are antagonistic to the claims of the Class.

23. The representative Plaintiff has retained counsel who are competent and experienced in consumer fraud class action litigation, and have successfully represented consumers in numerous complex class actions.

24. Counsel agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28. The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for herself and on behalf of the class of borrowers described above, demand judgment against Defendant Wells Fargo and the following relief:

A)  An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)  An order appointing Plaintiff as representative of the class;

C)  An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D)  An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E)  For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G)  An award of reasonable attorney's fees as provided by law and statute;

H)  An award of costs and expenses incurred in this action; and

I)  An award for such other relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

/s/ Kenneth J. Riemer
_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffs

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com

epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wells Fargo Bank, N.A.
C/o CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104

STATE OF ALABAMA )   2010038307  Book-6675 Page-1466
                     Total Number of Pages: 1

COUNTY OF MOBILE )

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto WELLS FARGO BANK, N.A. (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by LAKEESHA G. GILES, AN UNMARRIED WOMAN, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR AMERICA SOUTH MORTGAGE CORPORATION dated the 14th day of November, 2007, and filed for record in Book 6295 Page 1225, in the Probate Office of Mobile County, Alabama, covering property described in said Mortgage, together with the note and indebtedness secured by the Mortgage, and all interest of the undersigned in and to the property described in said Mortgage.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, said Assignor has hereunto set its signature this 1st day of July, 2010.

```
State of Alabama-Mobile County
I certify this instrument was filed on:
     July 12, 2010 @ 3:08:31 PM
S.R. FEE           $2.00
RECORDING FEES     $3.50
TOTAL AMOUNT       $5.50

2010038307
Don Davis, Judge of Probate
```

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____

Name: John Kennerty

Its: Assistant Secretary


STATE OF SOUTH CAROLINA )

COUNTY OF YORK )

I, Carolyn M. Evans, a Notary Public in and for said County in said State, hereby certify that John Kennerty, whose name as Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she, as such officer, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the 1st day of July, 2010.

_____
Notary Public: Carolyn M. Evans

My Commission Expires:_____

This instrument prepared by:
Ginny Rutledge
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255

CAROLYN M. EVANS
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 08/18/2019

*111840*  *RecAssign*  *B*

WF/Giles

WF000457