IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEESHA G. GILES, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 11-00405 |

## ANSWER TO COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") Answers Plaintiff Lakeesha G. Giles' ("Plaintiff") Complaint as follows:

## INTRODUCTION

This paragraph states a legal conclusion which does not call for a response from Wells Fargo. Wells Fargo, however, denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

## JURISDICTION AND VENUE

1. Admitted.

2. Wells Fargo does not contest venue.

## THE PARTIES

3. Admitted.

4. Wells Fargo is a national association with its main office in Sioux Falls, South Dakota. Wells Fargo admits that it conducts business in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

5. Admitted.

6. Admitted.

7. Admitted.

8. Wells Fargo asserts that the Truth in Lending Act, 15 U.S.C. § 1641(g) is a law that speaks for itself.

9. Denied.

## COUNT ONE

10. Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

11. Admitted.

12. Admitted.

13. This paragraph states a legal conclusion that does not call for a response from Wells Fargo. To the extent a response is deemed to be required, these allegations are denied.

14. Denied.

15. Denied.

Wells Fargo denies Plaintiff is entitled to the relief requested in the ad damnum clause to Count One of Plaintiff's Complaint, or to any relief whatsoever.

## CLASS ALLEGATIONS

16. Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

17. Wells Fargo denies that this action is maintainable as a class action. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

18. Wells Fargo denies that this action is maintainable as a class action. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

19. Wells Fargo denies that this action is maintainable as a class action. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

20. Wells Fargo denies that this action is maintainable as a class action. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

21. Wells Fargo denies that there are issues of law and fact common to all the purported class members and denies that Plaintiff is a member of the class they attempt to plead. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

22. Wells Fargo denies that there are issues of law and fact common to all the purported class members and denies that Plaintiff is a member of the class they attempt to plead. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

23. This paragraph does not call for a response from Wells Fargo.

24. This paragraph does not call for a response from Wells Fargo.

25. Wells Fargo denies that there are issues of law and fact common to all the purported class members and denies that Plaintiff is a member of the class they attempt to plead. All remaining allegations of this paragraph do not require a

response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

26. Wells Fargo denies that there are issues of law and fact common to all the purported class members and denies that Plaintiff is a member of the class they attempt to plead. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

27. Denied.

28. Wells Fargo denies that there are issues of law and fact common to all the purported class members and denies that Plaintiff is a member of the class they attempt to plead. All remaining allegations of this paragraph do not require a response from Wells Fargo. To the extent a response is deemed to be required, the allegations are denied.

29. Denied.

30. Denied.

Wells Fargo denies Plaintiff, or members of the proposed class, are entitled to the relief requested in the final paragraph, or to any relief whatsoever. Wells Fargo further asserts:

A. Denied.

B. Denied.

    C.    Denied.

    D.    Denied.

    E.    Denied.

    G.    Denied.

    H.    Denied.

    I.    Denied.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Alabama's Abatement Statute, Alabama Code § 6-5-440 (1975).

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Truth in Lending Act, 15 U.S.C. § 1641(f).

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to properly allege the facts and allegations necessary to support a class action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or unnamed purported class members lack standing to bring this action and/or to assert some or all of the claims alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Wells Fargo assert all affirmative defenses provided within the Truth in Lending Act, 15 U.S.C. § 1641 *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

Wells Fargo reserves the right to supplement and/or amend its Answer and Affirmative Defenses based on the discovery of new or additional information.

Respectfully Submitted,

/s/ D. Keith Andress
D. KEITH ANDRESS
CATHERINE C. LONG

Attorneys for Defendant Wells Fargo Bank, N.A.

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 250-8367  Telephone
(205) 488-3858  Facsimile
kandress@bakerdonelson.com
clong@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via this Court's electronic filing system and/or First Class United States Mail, properly addressed and postage prepaid, on August 25, 2011.

Kenneth J. Riemer, Esq.
Earl Underwood, Esq.
UNDERWOOD & RIEMER, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990-5558 (telephone)
(251) 990-0626 (facsimile)
kjr@alaconsumerlaw.com
epunderwood@alalaw.com


/s/ D. Keith Andress
Of Counsel