IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAKEESHA G. GILES, individually and on behalf of all similarly situated individuals,** | * * * * | |
| Plaintiff, | * * | CASE NO: 11-00405-KD-M |
| vs. | * * | |
| **WELLS FARGO BANK, N.A.,** | * * | |
| Defendant. | * | |

### REPORT OF PARTIES' PLANNING MEETING

1. The parties inadvertently allowed the time for filing the report to pass due to a calendaring oversight.

2. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's order the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

   Kenneth J. Riemer and Earl Underwood - representing Plaintiff

   D. Keith Andress - representing Wells Fargo Bank, N.A.

3. **Plaintiff' Brief Narrative Statement of Facts:**

   The Complaint contains a single count for violation of Section 1641(g) of the Truth-in Lending Act ("TILA"), at 15 U.S.C. § 1641(g).  This is a new provision was added to TILA as part of the Helping Families Save Their Homes Act of 2009.  Section 1641(g) requires notification to the borrower within 30 days of any transfer or assignment of ownership of their mortgage loan. Plaintiff allege that ownership of their mortgage loan was transferred to Wells Fargo on July 1, 2010, when an Assignment of Mortgage was executed. Wells Fargo failed to

provide to Plaintiff with the notice required by Section 1641(g). Wells Fargo is liable to Plaintiff for statutory damages, attorneys' fees and costs pursuant to TILA Section 1640(a).

2. **Defendant's brief narrative statements of the facts and defenses, including affirmative defenses:**

Wells Fargo is not a "covered person" for the purposes of TILA. Any interest in the note or mortgage that it acquired was solely for the administrative convenience of the servicer in servicing the obligation. Wells Fargo or others on its behalf, also timely provided the plaintiff/s with notice of the transfer during the foreclosure process. Additionally, the plaintiff/s has no actual or recoverable damages stemming from the allegations, and this action is due to be dismissed. Wells Fargo affirmatively states that this action cannot be properly maintained as a class action because Plaintiff cannot satisfy the requirements for maintenance of a class action. Wells Fargo pleads all affirmative defenses in TILA.

3. This jury action should be ready for trial by *September 2012*, and at this time is expected to take approximately two (2) days.

4. The parties request a pretrial conference in *August 2012*.

5. Discovery Plan.
A. Plaintiff will need discovery on the following:
   -All matters relating to the mortgage and assignment identified in the Complaint;
   -All matters relating to ownership of the subject mortgage loan, including location, endorsement and transfer of the mortgage and note;
   -All matters related to Plaintiff' claim for damages under section 1640(a);
   -Applicable policies and procedures of Defendant with regard to foreclosure and transfer of loans and assignments; and
   -Any expert testimony identified by Defendant.
B. Defendant will need discovery on the following: all factual allegations made by the plaintiff including her alleged damages; the purpose behind section 226.37 of TILA,

including Congressional intent; the purpose that Wells Fargo took assignment of the subject mortgage; the plaintiffs' payment history of the subject note; all information provided to the plaintiff regarding ownership of the note and mortgage; all information provided to the plaintiff regarding the subject foreclosure; any expert testimony identified by the plaintiffs; and all information pertaining to the plaintiffs' claims and Wells Fargo's defenses.

6. The dates may need to be revisited if this action is certified to proceed as a class action.

7. All discovery will be commenced in time to be completed by *May 21, 2012*.

8. Initial Disclosures. The parties will exchange within ten (10) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

9. The parties request until *January 15, 2012*, to join additional parties and amend the pleadings.

10. Reports from retained experts under Rule 26(a)(2) due:

   from Plaintiff by *January 31, 2012.*

   from Defendant by *February 28, 2012.*

11. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by *June 15, 2012.*

12. Discovery Limits.

   Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

   Maximum of 3 depositions by Plaintiff and 3 by each Defendant, each deposition limited to maximum of 7 hours unless extended by agreement of parties.

   Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 25 (total) requests for production of documents by each party to any other party.  Responses due 30 days after service.

13. All potentially dispositive motions filed by ***June 20, 2012.***

14. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

15. The parties agree, to the extent possible, that service of discovery can be perfected by e-mail and does not have to be followed by duplicative service through regular U. S. mail. Further, service of pleadings will be perfected upon the filing of the pleading with the court's CM/ECF system, with no party requiring service by U.S. mail.  Dates of service of e-mailed discovery requests shall be calculated as if mailed.

16. Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

a. The production of ESI should be done in .pdf format.

b. If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

c. The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

Date: November 7, 2011

/s Earl P. Underwood, Jr.
EARL P. UNDERWOOD,JR.
KENNETH J. RIEMER
UNDERWOOD & RIEMER, PC
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, AL 36602

s/D. Keith Andress
D. KEITH ANDRESS
Attorney for Defendant
Baker, Donelson, Bearman, Caldwell &
Berkowitz, P.C.
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203
Telephone: (205) 328-0480
kandress@bakerdonelson.com